**Charles E. McNICHOLS, Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY and The Cincinnati, New Orleans & Texas Pacific Railway Company, Defendants.**

**No. 871.**

United States District Court
E. D. Kentucky,
Covington Division.

April 13, 1961.

Jean L. Auxier, U. S. Atty., Lexington, Ky., Marvin Tincher, Regional Office of U. S. Dept. of Labor, Nashville, Tenn., for plaintiff.

Geoghegan, Levy & Daly, by Lewis Levy, Cincinnati, Ohio, James I. Hardy, Washington, D. C., for defendants.

SWINFORD, District Judge.

This action was brought under Section 9 of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 459, as amended, to establish the plaintiff's right to certain reemployment benefits. Jurisdiction is conferred on this court by Section 9(d).

The Southern Railway Company was originally named as a defendant but has been dismissed by agreement of the parties.

The parties are in substantial agreement as to the relevant facts which may be stated as follows.

The plaintiff was employed by the defendant, Cincinnati, New Orleans & Texas Pacific Railway Company, as an apprentice carman on March 23, 1950, at its Ludlow, Kentucky, yard, under an apprentice indenture agreement pursuant to the collective bargaining agreement between the defendant and the Brotherhood of Railway Carmen of America (hereinafter the Union), the plaintiff's bargaining agent.

By the terms of the agreement the plaintiff was to serve for a period of four years as an apprentice and follow a prescribed course of training. If an apprentice survived a probationary period of 130 days he could not be dismissed without cause during the four year term. On the expiration of the indenture period an apprentice would automatically be qualified as a journeyman carman, but the defendant company would be under no contractual obligation to retain the newly qualified journeyman in its employ. If he was so retained, however, his seniority rights would date from the time of completion of his apprenticeship, Rule 41 of the collective bargaining agreement (Exhibit 1), except that apprentices who entered the armed forces after November 1, 1948, and qualified for the reemployment benefits of the Act, would, upon completing their apprenticeship, be placed on the journeyman mechanics' seniority list as of the date they would have completed their full apprenticeship had they remained continuously in the employment of the company.

After serving approximately one-half of his apprenticeship at the Ludlow, Kentucky, yard, the plaintiff was transferred by the company to its repair yard at Cincinnati, Ohio, where he performed the duties and received the pay of a journeyman carman. Thereafter, on July 24, 1952, the plaintiff left defendant's employment to serve two years in the United States Army, on the completion of which he received an honorable discharge.

On July 16, 1954, the plaintiff was reinstated by the defendant at its Cincinnati yard under the original indenture of apprenticeship. There he performed the duties and received the pay of a journeyman carman as he had before entering the service. On April 23, 1956, the plaintiff completed the period of apprenticeship and was retained as a journeyman mechanic at the Cincinnati yard where he has worked ever since.

On the completion of his apprenticeship, the plaintiff was assigned a seniority date of April 24, 1956, as a journeyman mechanic on the Cincinnati seniority list and a date of March 21, 1954 (the date he would have completed his apprenticeship if he had not entered the service), on the Ludlow, Kentucky seniority list.

The plaintiff here contends that under the provisions of the Act he is entitled to, and he asks this court to order that he be granted, a seniority date of March 21, 1954, on the Cincinnati list where he completed his apprenticeship and was retained in the defendant's employ.

The defendant contends that it was under no contractual obligation to retain the plaintiff in its employ on completion of his period of apprenticeship, and that in the absence of such obligation it was not required under the Act to assign the plaintiff a retroactive seniority date at any point.

Thus, the court must determine (1) whether the defendant was obligated under the Act to assign the plaintiff a retroactive seniority date as a journeyman mechanic, and (2) if so, whether the assignment of such a retroactive seniority date on its Ludlow list satisfied such obligation.

Insofar as here relevant, the Act provides that any person who leaves a position other than a temporary one to perform military service, satisfactorily completes such service, makes timely application for reemployment and is so reemployed and is restored to his former position, " * * * shall be considered as having been on furlough or leave of absence during his period of training and service in the armed forces, shall be so restored without loss of seniority, * * * and shall not be discharged from such

position without cause within one year after such restoration." Sec. 459(c) (1). "It is declared to be the sense of the Congress that any person who is restored * * * should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment." Sec. 459(c) (2).

The Supreme Court in Fishgold v. Sullivan Corp., 328 U.S. 275, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230, laid down the general rule to be followed in the construction of such legislation when it said in connection with the Selective Service Act of 1940, the forerunner of the present Act, that:

"This legislation is to be liberally construed for the benefit of those who left private life to serve their country in its hour of great need * * * And no practice of employers or agreements between employers and unions can cut down the service adjustment benefits which Congress has secured the veteran under the Act."

In the Fishgold case, supra, the Court also said:

"Thus he (the veteran) does not step back on the seniority escalator at the point he stepped off. He steps back on at the precise point he would have occupied had he kept his position continuously during the war." 328 U.S. 284–285, 66 S.Ct. 1111.

It is conceded by the defendant that if the plaintiff had not been called into service he would have completed his apprenticeship on March 21, 1954. It must also be conceded that, if, on the completion of such apprenticeship he had been retained in the employ of the defendant, he would necessarily have been assigned a journeyman mechanic's seniority from that date. These considerations are decisive of the case.

█ Under the provisions of the Act and the terms of the bargaining agreement, the plaintiff was initially entitled only to be restored to his position as an apprentice carman with the contractual right to complete his apprenticeship. When he completed that apprenticeship and was retained in the service of the defendant as a journeyman mechanic, he was entitled under Rule 41 of the collective bargaining agreement, and so under the Act, to have his seniority as a mechanic date from the time he would have completed his apprenticeship if he had remained continuously in the employ of the defendant. Accordingly, the plaintiff is entitled under the Act to a seniority date of March 21, 1954, as a journeyman carman. Diehl v. Lehigh Valley R. Co., 348 U.S. 960, 75 S.Ct. 521, 99 L.Ed. 749; Mann v. Crowell-Collier Publishing Co., 6 Cir., 239 F.2d 699.

This view of the case disposes of any need to consider the obvious right of the plaintiff, under the Memorandum of Understanding of November 1, 1948 (Exhibit 2), to the seniority date contended for, or to consider the defendant's contentions with respect thereto. That he had such a right is clearly evidenced by the record.

The defendant refers to the case of McKinney v. Missouri-K.-T. R. Co., 357 U.S. 265, 78 S.Ct. 1222, 2 L.Ed.2d 1305, as controlling the decision of the instant case and suggests that its holding dictates a finding for the defendant herein. The McKinney case is the latest decision of the Supreme Court under the sections of the Act on which this action is based and, if in point, is certainly dispositive of the case at bar.

The McKinney case, as this court reads the opinion, held that a returning veteran was not entitled of right under the Act to a retroactive seniority date in an employee group to which he was *promoted* on his reemployment when such promotion was, under the terms of the collective bargaining agreement between his union and his employer, discretionary with the employer and seniority in such group ran from the date of such promotion, unless in actual practice such advancement between employee groups was automatic.

While the language and the implications of the McKinney opinion are broad enough to govern the decision of the instant case, it does not follow that McKinney dictates a finding for defendant herein. In the instant case the collective bargaining agreement, as it existed at the times with which we are here concerned, provided that, "If an apprentice is retained in the service upon completing his apprenticeship, his seniority rights as a mechanic will *date from the time of completion of apprenticeship.*" (Exhibit 1, Rule 41.) (Emphasis added.) As has hereinabove been indicated, the defendant was obligated by the terms of the indenture of apprenticeship (Rule 40) and by the provisions of Rule 41 to not dismiss an apprentice from its service except for cause. It follows that every indentured apprentice had a contractual right to complete his apprenticeship in the employ of the defendant, and if the company chose to retain the newly qualified journeyman in its employ, it had a contractual obligation to accord him seniority rights as of the date of completion of such apprenticeship. In this most important particular, the case at bar is distinguishable from the McKinney case.

The defendant relies on Bassett v. Texas & Pacific Railway Company, 5 Cir., 1958, 258 F.2d 819. In that case there was no indication that, as in the case at bar, the apprentices had a contractual right to complete their apprenticeship and to seniority, if employed as a journeyman, from the date of completion of such apprenticeship. To the contrary, it was stipulated therein that: "18. Before an apprentice may pass from one period of his apprenticeship to the next he must complete a prescribed course of work to the satisfaction of certain railway officials, including an apprentice instructor. * * * 24. The labor agreement provides that when a qualified person has been employed as carman from any source * * * his seniority as carman starts when his pay begins (i. e. the moment he actually begins work) on the job."

Compare the foregoing stipulations with Rules 40 and 41 and Memorandum of Understanding of August 2, 1946, of the agreement between the Union and defendant in the instant case (Exhibit 1, pp. 32–34, 103); similarly, see and distinguish Rule 15 of the agreement in Poling v. Baltimore & Ohio Railroad Company, D.C.N.D.W.Va.1958, 166 F.Supp. 710, 716.

In the opinion of the court, these distinctions are the factors on which the McKinney case was decided. Neither McKinney nor Bassett nor, evidently, the plaintiffs in the Poling case had, together with non-veterans, a contractual right (1) to complete their qualifications for "promotion" and (2) to have their seniority in the new position, if and when "promoted", date from the *completion of the period of qualification.* All apprentices—veteran and non-veteran alike—having these rights in the instant case, the Act required that the plaintiff, on his retention as a journeyman mechanic, be accorded seniority as such from the date he would have completed his apprenticeship had he not been called into service.

Nor is this decision inconsistent with that in Sularz v. Minneapolis, St. Paul & Sault Ste. Marie R. Co., 8 Cir., 1958, 259 F.2d 122. In that case the plaintiff had been voluntarily assigned the seniority to which he was entitled under the Act, and he sought a further seniority to which he was no more entitled than was any non-veteran who was junior to him in seniority.

Having found that the plaintiff is entitled to a retroactive seniority under the Act, it must next be determined whether the assignment of such a retroactive date on defendant's Ludlow seniority list satisfied the company's obligation in this respect. This, both sides agree, is a novel question which has not heretofore been decided by a federal court. Its novelty, however, does not make difficult its solution.

■ As the Supreme Court said in the Fishgold case, supra, this legislation is to be liberally construed for the benefit

of the veteran. "And no practice of employers or agreements between employers and unions can cut down the service adjustment benefits which Congress has secured the veteran under the Act." 328 U.S. at page 285, 66 S.Ct. at page 1111. This language, of course, must be read in light of that in the McKinney case wherein Mr. Justice Frankfurter, speaking for the Court, said:

> "Although the statute does not itself create a seniority system, but accepts that set forth in the collective bargaining agreement, it requires the application of the principles of that system in a manner that will not deprive the veteran of the benefits, in terms of restoration to position and advancement in status, for which Congress has provided." 357 U.S. at page 268, 78 S.Ct. at page 1225.

In the solution of our second question, then, we must look to see what would necessarily have occurred, within the framework of the bargaining agreement as it then existed, if the plaintiff's employment had not been interrupted by military service. McKinney v. Missouri-K.-T. R. Co., 357 U.S. 265, 272, 78 S.Ct. 1222, 2 L.Ed.2d 1305. In that event, the plaintiff would have completed his apprenticeship in the defendant's employ on March 21, 1954. He might or might not have been retained as a journeyman carman in the service of the company (there is uncontroverted proof in the record that by practice and custom all qualifying apprentices *were* so retained), or, conceivably, he might have gone to work for another company, at another point, at a later date. In any event, however, if he were employed by any company that was a party to the Union agreement herein (Exhibit 1), he would, under Rule 41 thereof, have had a journeyman mechanic's seniority from March 21, 1954 (the date of completion of his apprenticeship), and that seniority would, under Rule 30, have been on the list at the point at which he was first employed as a journeyman.

Rule 30 provides that "* * * seniority of employees in each craft covered by this agreement shall be confined to the Master Mechanic's jurisdiction in which employed * * *"

The record discloses that on completion of his apprenticeship the plaintiff *was* retained as a journeyman mechanic at the defendant's Cincinnati yard. Under the Act he was entitled to the retroactive seniority he seeks. Under the terms of the bargaining agreement as it then stood, and so also under the Act, that seniority should be at the point where he was first employed as a journeyman mechanic—the Cincinnati yard.

█ This action having been based on the Act, the court has no occasion to pass on the validity of the prospective application of agreements between the defendant and the Union as confirmed by the letters of November 6, 1956, and July 11, 1957, or to decide whether they amount to a change in Rules 30 and 41 of the basic agreement. It is sufficient to point out that they cannot operate retrospectively as to this plaintiff, and that if they purport to do so they are contrary to the letter as well as the spirit of the Act as it applies in the instant case. The terms of the bargaining agreement, as it stood on April 23, 1956, and the custom and practice of the defendant up to that time, was to assign to mechanics the seniority to which they were entitled at the point of first employment as a journeyman. The plaintiff is entitled under the Act to no less than this. To assign his retroactive seniority at another point where it will be of no practical benefit to him is, in effect, to deny him the benefits of the Act on which this action is based.

In view of the foregoing, the defendant should be required to assign to the plaintiff a seniority date of March 21, 1954, as a journeyman carman on the Cincinnati, Ohio, seniority list.

The plaintiff will prepare and submit formal findings of fact, conclusions of law, and judgment in conformity with this memorandum.