Richard O. STEWART

v.

AMERICAN AIRLINES, INC.

Civ. A. No. 4-432.

United States District Court
N. D. Texas,
Fort Worth Division.

Aug. 9, 1968.

Garrett & Garrett, Rufus S. Garrett, Fort Worth, Tex., for plaintiff.

Buck & Buck, J. Frank Thompson, Ft. Worth, Tex., H. Wayne Wile, New York City, for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

This suit is for recovery of seniority under the Universal Military Training and Service Act, 50 U.S.C.A.App. § 459, and for back wages which plaintiff has lost if advancement in seniority should be granted. In addition to denying that plaintiff is entitled to seniority advancement, defendant relies upon the Texas statute of limitations and the claim that plaintiff is guilty of laches in asserting his right to advanced seniority. Since it has been decided that under the facts in this record plaintiff is not entitled to advanced seniority, determination of the questions raised by the limitation and laches defenses is obviated.

Plaintiff was employed on April 13, 1949 by defendant as a Flight Engineer. At the time of this employment defendant informed plaintiff that it was employing only pilot qualified Flight Engineers and that its Flight Engineers would be upgraded to co-pilots as needed. At this time plaintiff was a qualified pilot but did not have an instrument rating. Plaintiff had completed the written portion of the instrument rating examination prior to his employment with defendant, and in September, 1950 plaintiff was advised that he was eligible to attend co-pilot class, and plaintiff requested such assignment but defendant withdrew its offer because plaintiff lacked an instrument rating. In September, 1950, plaintiff attempted to pass the flight portion of the examination in an effort to enter the same co-pilot class from which he was removed or enter another co-pilot class scheduled for October, 1950, but failed in the attempt. He then, at his own expense, attended Spartan School of Aeronautics in Tulsa, Oklahoma, to secure the instrument rating so that he could enter a co-pilot class scheduled to graduate in February, 1951. After completing ground school at Tulsa, but before beginning the school's flight portion, he was recalled to active duty

by the United States Air Force on December 18, 1950. During this entire period plaintiff had remained in the employ of defendant and performed all his duties as Flight Engineer.

While on active duty with the Air Force from January 26, 1951 to January, 1953, plaintiff acquired a "Green Card" instrument rating from the Air Force, which rating is accepted by the Federal Aviation Administration as the equivalent of the civilian instrument rating. By April 10, 1951, plaintiff had become fully qualified for advancement to pilot except for completion of defendant's co-pilot school.

On February 1, 1953, plaintiff returned to defendant's employ and on February 9, 1953, defendant assigned him to a co-pilot class beginning March 11, 1953, which training he successfully completed, and was given the date of March 11, 1953 as his seniority date on the pilot seniority list.

Plaintiff contends that by April 10, 1951 he possessed all of the qualifications for advancement to pilot except completion of the co-pilot school and that by May 1, 1951, it is reasonably certain that plaintiff would have qualified as a co-pilot, except for his recall to active military duty. He points out that all Flight Engineers employed by defendant at about the same time as plaintiff, except those who resigned or were called to active military service, were given the opportunity to be upgraded to co-pilot in the period October, 1950-February, 1951.

■ The purpose of the statute (50 U.S.C.A. App. § 459) has long been stated. The United States Supreme Court, in Fishgold v. Sullivan Drydock and Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230 (1946) and the Circuit Court of Appeals for the Fifth Circuit in Addison v. Tennessee Coal, Iron and Railroad Co., 204 F.2d 340 (5th Cir. 1953) have held that the Act was to provide job security for the person called to active duty. However, such security goes only to the position held at the time of activation. It was not the intent of Congress to coerce employers to provide promotions or new positions for employees returning from military duty simply because the returning employee's contemporaries or successors have been so advanced. The Act only provides that the returning employee shall be advanced to the extent he would have been *as a matter of right* (emphasis added), had he not been called to active duty with the armed forces. This is referred to as escalating seniority. Advancements or promotions based on employer discretion or on employee merit as in the passage or completion of a prescribed set of conditions precedent are not within the category of advancements given as a matter of right. This purpose has been reiterated in more recent times by McKinney v. Missouri-Kansas-Texas Railroad Co. et al, 357 U.S. 265, 78 S.Ct. 1222, 2 L.Ed.2d 1305 (1958) and Jefferson v. Atlantic Coast Line Railroad Co., 303 F.2d 522 (5th Cir. 1962).

■ The facts in this case make it clear that advancement from Flight Engineer status to that of co-pilot-pilot status demanded the fulfillment of several requirements. Instrument certification and graduation from defendant's co-pilot school are two of these. Plaintiff had fulfilled neither at the time of his recall to active duty and it cannot be concluded that fulfillment was reasonably certain by May 1, 1951. Whether 100% or 10% of those endeavoring to become pilots complete these requirements is wholly irrelevant. Whatever the case may be, these requirements first must be successfully met before advancement can be realized. Plaintiff fulfilled all requirements for this advancement to the pilot seniority list after his return from active duty and was so advanced as of March 11, 1953. This court considers defendant's actions wholly commensurate with the purpose and scope of the Act and therefore renders judgment accordingly.