FIREMEN AND POLICEMEN'S PEN-
SION FUND BOARD OF TRUSTEES
OF SAN ANTONIO, TEXAS, Appellant,

v.

Robert W. LOTT, Appellee.

No. 4–86–00589–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 28, 1987.

Rehearing Denied Dec. 9, 1987.

Harvey L. Hardy, San Antonio, for appellant.

Mayo J. Galindo, San Antonio, Gary L. Bledsoe, Asst. Atty. Gen., Austin, for appellee.

Before CADENA, C.J., and CANTU and CHAPA, JJ.

OPINION

CHAPA, Justice.

This appeal involves a suit by appellee Robert W. Lott against appellant, Firemen and Policemen's Pension Fund Board of Trustees of San Antonio, Texas (Board), for a mandatory injunction and declaratory judgment to secure credit for voluntary time served in the military against that requisite for retirement pension under Section 7(e) of article 6243f, Vernon's Revised Civil Statutes. The trial court rendered judgment in favor of Lott, and Board appeals from that judgment.

The issue before us is whether the Federal District Court has exclusive jurisdiction of the matter. We reverse and dismiss.

The lawsuit is brought in state court by Lott seeking to enforce in effect the provisions of Federal Law, 38 U.S.C. § 2021–2024 inclusive which grants credit for voluntary and involuntary military service. Because the state statute, article 6243f, § 7(c), limits military credit to involuntary service, Lott insists that 38 U.S.C. § 2021–2024 preempts the state law and is applicable to credit Lott for his voluntary service. Board insists that the federal courts have exclusive jurisdiction to enforce 38 U.S.C. § 2021–2024 and that Lott is before the wrong forum. Lott concedes in oral argument that without the provisions of 38 U.S.C. § 2021–2024, his cause of action fails and that if the federal courts have exclusive jurisdiction, he is in the wrong forum. However, Lott disagrees that the federal courts have exclusive jurisdiction.

Where the intent of an act is obscure, appellate courts may consider the legislative history in determining the intent of the legislature. *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547 (Tex.1981); *Harris v. City of Fort Worth*, 142 Tex. 600, 180 S.W.2d 131, 133 (1944).

The federal law involved is commonly known as "Vietnam ERA Veteran's Readjustment Assistance Act of 1974" and its legislative history is found in Senate Re-

port No. 93–907, Calendar No. 879.[1] The report recognizes that some states are reluctant to protect the returning veterans in the field of reemployment, seniority, and pension rights.[2] It makes clear the intent of the legislature that all veterans be treated equitably.[3] It pointedly exempts from abrogation any state laws which provide "greater or additional rights or protections" to the veterans.[4] Finally, the report set out the specific and unequivocal congressional intent that the federal court have exclusive jurisdiction.[5]

In *McKinney v. Missouri–Kansas–Texas Railroad Company, et al*, 357 U.S. 265, 78 S.Ct. 1222, 2 L.Ed. 1305 (1958), the Supreme Court of the United States was faced with a claim of a veteran to enforce his re-employment rights under a predecessor statute to the Vietnam ERA Veterans' Readjustment Assistance Act of 1974.

1. Senate Report No. 93–907, p. 1, Vietnam ERA Veterans' Readjustment Assistance Act of 1974.

The Committee on Veterans' Affairs, to which was referred the bill (S. 2784) to amend title 38, United States Code ... *to recodify and expand veterans' reemployment rights;* to make improvements in the administration of education benefits; and for other purposes, having considered the same, reports favorably thereon with an amendment in the nature of a substitute and recommends that the bill, as amended, do pass. (Emphasis added).

2. Senate Report No. 93–907, p. 110:

Although a number of States have enacted legislation providing reemployment rights to veterans, the coverage, the rights provided, and the availability of enforcement machinery all vary considerably from state to state. Also, some State and local jurisdictions have demonstrated a reluctance, and even an unwillingness, to reemploy the veteran. Or if they do, they seem *unwilling to grant them seniority* or other benefits which would have accured [sic] to them had they not served their country in the military.

In a comparable employment field, in 1972, the Congress extended the powers of the United States Equal Employment Opportunity Commission to investigate complaints of discrimination in employment by State and local governments based on reasons of race, ethnic origin, and sex, and authorized action in court to seek *corrective measure*.

Senator Jennings Randolph, a senior member of the Committee on Veterans' Affairs, introduced legislation in the first session of the 93d Congress, to include State and local governments under the provisions of Section 9 of the Military Selective Service Act.

The Committee believes that the provisions of 50 U.S.C.App. 59, subsections (b) through (h), which deal strictly with the reemployment rights of veterans, more logically belong in title 38, which deals with Veterans' Benefits.

The Committee also believes it to be logical and consistent with congressional intent to extend these same rights to veterans who had been employed by State and local governments as well. For this reason, the bill as reported would amend veterans' reemployment rights law to extend coverage to State governments and their political subdivisions.

3. Senate Report No. 93–907, p. 110–111:

Subsections (a) and (b). Recodify existing law concerning the reemployment of persons inducted into the Armed Services as well as extend reemployment rights to those veterans who were employed by State or local governments or other political subdivisions prior to entering military service. These veterans are not currently protected under existing Federal law and must rely on the vagaries of State law and local ordinances which are not usually as comprehensive as the Federal law and which are infrequently enforced in State courts. The proposed amendment to the recodification would make clear congressional intent that all veterans, regardless of who their preservice employers were, should receive equitable treatment in the matter of reemployment rights.

4. Senate Report No. 93–907, p. 111:

Subsection (c). Provides that State laws or local ordinances which establish greater or additional rights or protections for State and local employees than those provided by this chapter shall not be abrogated by this chapter. This is in keeping with the Committee's belief that when State and local governments provide returning veterans with greater rights and protections than those provided by *existing Federal statute*, the veterans should be able to utilize these rights and protections as well.

5. Senate Report No. 93–907, p. 111:
   § 2022. Enforcement Procedures
   In addition to recodifying existing law, this section extends to employees of State and local governments and other political subdivision enforcement rights in the same manner and to the same extent as are currently provided for employees for private employers, including the specific right to have their legal rights litigated in the Federal courts. The amendments would also provide, among other things, that these public employees could be represented in these proceedings in Federal court by the appropriate United States Attorney. *These amendments make specific and unequivocal the congressional intent that the Federal courts shall be the forum for the determination of reemployment rights of these public employees.* (Emphasis added).

Universal Military Training and Service Act § 9, 62 Stat. 604, 614–618, as amended, 50 U.S.C.App. § 459, as amended, 50 U.S.C. App. (Supp.V) § 459. In recognizing that the "distinctively federal rights" of veterans require federal protection, the Supreme Court stated:

> Petitioner sues not simply as an employee under a collective bargaining agreement, but as a veteran *asserting special rights* bestowed upon him in furtherance of a federal policy to protect those who have served in the Armed Forces.

> For the effective protection of these *distinctively federal rights*, Congress provided in § 9(d) of the Act that if any employer fails to comply with the provisions of the statute, the District Court, upon the filing of a petition by a person entitled to the benefits of the Act, has jurisdiction to compel compliance and to compensate for loss of wages … On the contrary, the statutory scheme contemplates the speedy vindication of the veterans' rights by a suit *brought immediately in the District Court*, advanced on the calendar before other litigation, and prosecuted with the assistance of the United States attorney. Only thus, it evidently was thought, would adequate protection be assured the veteran, since delay in the vindication of reemployment rights might often result in hardship to the veteran and the defeat, for all practical purposes, of the rights Congress sought to give him. (Emphasis added).

*McKinney v. Missouri–Kansas–Texas Railroad Company, et al,* 357 U.S. at 268–70, 78 S.Ct. at 1224–25.

In *Jennings v. Illinois Office of Education,* 589 F.2d 935 (1979), the United States Court of Appeals, Seventh Circuit recognized the intent of Congress to grant exclusive jurisdiction to the federal courts under the Vietnam ERA Readjustment Assistance Act of 1974 by declaring:

> Moreover, the Senate Report accompanying the 1974 amendment to the statute shows that Congress wanted Veterans who had been employed by state governments to have their legal rights litigated in the federal courts, so that their reemployment rights might be determined in

such a forum. S.Rep. No. 93–907, 93d Cong.2d Sess. p. 111.

*Jennings v. Illinois Office of Education,* 589 F.2d at 938.

Likewise, the federal court in *Kidder v. Eastern Airlines, Inc.,* 469 F.Supp. 1060 (S.D.Fla.1978), speaking of the same act stated:

> … for the federal courts are the exclusive forum for the vindication of 'these distinctively federal rights' (*McKinney v. Missouri–K.T.R. Co., supra,* 357 U.S. at 269, 78 S.Ct. 1222 [at 1225]). See also *Brink v. Transit–Mix Concrete Corp.,* 83 CCH Labor Cases § 10,463 at pp. 17,-860–17,861 (S.D.N.Y.1978).

*Kidder v. Eastern Airlines, Inc.,* 469 F.Supp. at 1065.

We hold that the federal courts have exclusive jurisdiction to enforce the provisions of the Vietnam ERA Veterans' Readjustment Assistance Act of 1974. The judgment is reversed and the cause is dismissed.