896 F.Supp. 110 (1995)
Paul T. HANSEN, Plaintiff,
v.
TOWN OF IRONDEQUOIT, Defendant.
No. 92-CV-6454T.
United States District Court, W.D. New York.
August 4, 1995.
*111 *112 Brian M. McCarthy, Asst. U.S. Atty., Rochester, NY, for plaintiff.
Gary J. O'Donnell, Saperston & Day, Rochester, NY, for defendant.

DECISION AND ORDER
TELESCA, Chief Judge.

INTRODUCTION
Plaintiff Paul Hansen, ("Hansen") a sergeant in the Irondequoit Police Department, brings this action pursuant to the Veterans' Reemployment Rights Act (VRRA), 38 U.S.C. §§ 2021 et seq., currently codified at 38 U.S.C. §§ 4301 et seq.[1] claiming that in August of 1990, he was improperly denied a promotion to the rank of police lieutenant due to his status as a member of the United States Army Reserve. Hansen seeks retroactive promotion to the position of lieutenant, as well as back pay and costs.
Defendant Town of Irondequoit ("the town") moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure claiming that plaintiff has failed to make out a prima facie case under the VRRA, or alternatively, that there is no genuine issue as to any material fact and that the defendant is entitled to summary judgment as a matter of law. (Docket item number 10).

BACKGROUND
In August of 1990, a lieutenant position became available in the Irondequoit Police Department. Plaintiff Paul Hansen was ranked first on a list of three persons qualified for promotion to the position. Chief of Police William Frey, instead, recommended to the Town Board that the second person on the list, Sergeant Frank Churnetski should be promoted. Hansen contends that he was passed over for promotion because of his status as an officer in the United States Army Reserve. According to Hansen, Chief Frey did not recommend him for promotion because Frey was concerned that Hansen would be required to participate in the Persian Gulf Conflict, and would therefore not be available for duty within the department.
The Town of Irondequoit denies that plaintiff was not promoted simply because he was a reserve officer. According to the Town, the promotion was offered to Sergeant Churnetski for the objective reason that he was better qualified for the position. Further, defendant relies on New York law which gives a municipality the discretion to choose any one of the top three candidates on a civil service list for a promotion and that in recommending the number two candidate, Chief Frey properly exercised the discretion with which he was vested.

DISCUSSION

I. Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that their is no genuine issue as to any material fact and that the moving party is entitled to judgment as a *113 matter of law." When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. Gallo v. Prudential Residential Services, 22 F.3d 1219, 1223 (2d Cir.1994). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Id. at 1224.
The defendant has moved for summary judgment on grounds that the plaintiff has failed to state a case under 38 U.S.C. § 2021, or alternatively, that defendant has satisfactorily demonstrated that no genuine issue respecting any material fact exists. For the reasons set forth below, the court finds that the plaintiff has stated a prima facie case under the VRRA, and that triable issues of fact remain unresolved. The court therefore denies defendant's motion for summary judgment.

A. Plaintiff has successfully stated a prima facie case under the Veterans' Reemployment Rights Act.

Section 2021(b)(3) of the Veteran's Reemployment Rights Act provides that: [a]ny person who seeks or holds a position described in ... this section shall not be denied hiring, retention in employment, or any promotion or other incident or advantage of employment because of any obligation as a member of a reserve component of the Armed Forces. 38 U.S.C. § 2021(b)(3) (1991). To make out a prima facie case under the Act, a plaintiff need only "[offer] evidence to raise an inference that the plaintiff was discharged, or otherwise mistreated, because he belonged to a protected group." Pignato v. American Trans Air, Inc., 14 F.3d 342, 346 (7th Cir.1994). (emphasis mine) In establishing a prima facie case, the plaintiff must demonstrate that (1) he is or was a member of a protected group, (2) he was qualified for the position or promotion, (3) he was not appointed or promoted to the position, and (4) someone outside the protected class was hired or promoted. See, McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Once a plaintiff has established a prima facie case under the VRRA, it is incumbent upon the defendant to proffer a legitimate, nondiscriminatory reason for not hiring the plaintiff. See, Id. at 802, 93 S.Ct. at 1824. Upon defendant's showing of a nondiscriminatory reason for not promoting the plaintiff, plaintiff must rebut that showing with evidence that defendant's reasons are pretextual. See, Id. at 804, 93 S.Ct. at 1825.
Sergeant Hansen has successfully stated a claim under the four part test of McDonnell Douglas. He has demonstrated that he was within a protected group by virtue of his position as a reservist and as an officer with the town police department. See, 38 U.S.C. § 2021(a)(B). Plaintiff has shown that he was qualified for the job by providing evidence that he was the number-one ranked candidate for promotion to the position. Additionally, Hansen has shown that he was not appointed to the position, and that a person outside the protected class received the promotion.
Once a plaintiff has established a prima facie case, the defense must set forth legitimate, nondiscriminatory reasons for not hiring the plaintiff. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824. The defendant has stated, (which is supported with affidavits and deposition testimony), that plaintiff was not promoted because he was not as qualified as the number two candidate, Sergeant Frank Churnetski. This satisfies the requirement of providing a nondiscriminatory reason.
Plaintiff must then rebut that showing with evidence that defendant's proffered reasons are pretextual. McDonnell Douglas, 411 U.S. at 804, 93 S.Ct. at 1825. A plaintiff can show pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). The plaintiff has presented both direct evidence regarding the defendant's motives, and indirect evidence as to why defendant's explanation *114 is not worthy of credence. Hansen, through pleadings and deposition testimony, has presented evidence that Chief Frey was aware of Hansen's status as a reservist, was concerned about the effect the temporary loss of a high ranking officer would have on his department, and expressed this concern to his supervisor and members of the town board. See, Depositions of Chief William Frey, 54-56, 75-76; Paul Hansen 296-299; Councilman Robert H. Quinn, 434-437; Lt. David Grossi, 555-556. Such evidence, examined in the light most favorable to the plaintiff, suggests that discrimination could have been a motivating factor in the town's decision making process.
Plaintiff also offers indirect evidence that Chief Frey rarely recommended an officer for promotion who was not first on the civil service list. According to the plaintiff, in the 12 years prior to 1990 during which Chief Frey was responsible for making promotion recommendations within the Irondequoit Police Department, only 5 out of 18 promotions were made out of civil service ranking order. Additionally, of these five, three involved one individual who though ranked higher than other candidates, was not recommended because of disciplinary problems, and the remaining two involved distinguishing circumstances as well. (Plaintiff's Memorandum in Opposition at pp. 15, 16). Furthermore, plaintiff has provided evidence that his objective qualifications were superior to Sergeant Churnetski's, and that the subjective reasons stated by Chief Frey for selecting Churnetski over Hansen were not supported by the evidence. (Plaintiff's Memorandum in Opposition at pp 18, 19).
An issue of fact exists as to whether or not the plaintiff has successfully rebutted defendant's proffered nondiscriminatory reason for not promoting him. See, Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203 (2d Cir.1995) (finding that "the conflict between the plaintiff's evidence establishing a prima facie case and the employer's evidence of a nondiscriminatory reason reflects a question of fact to be resolved by the factfinder after trial"). Summary judgment, therefore, is inappropriate.

B. The VRRA is applicable to this case.

The defendant contends that the VRRA does not apply in cases where the promotion at issue is based on discretionary considerations, rather than on seniority or some other form of automatic progression. See, McKinney v. Missouri, 357 U.S. 265, 272, 78 S.Ct. 1222, 1226, 2 L.Ed.2d 1305 (1958).[2]McKinney, however, along with the other cases cited by defendant in support of this point, can be distinguished by the fact that those cases involved issues of seniority and promotion for veterans who had served on active duty away from their jobs. Upon return, these veterans had claimed a "right" to receive promotions that had been made while they were away. In the instant case, Hansen is claiming that he was discriminated against solely on the basis of his status as a reservist, not because he spent time on active duty away from his civilian job. The Supreme Court has stated that the purpose of § 2021(b)(3) is to "[protect] the employee-reservist against discriminations like discharge and demotion motivated solely by reserve status." Monroe v. Standard Oil Co., 452 U.S. 549, 559, 101 S.Ct. 2510, 2516, 69 L.Ed.2d 226 (1981).[3] Additionally, the protections afforded under the veterans' reemployment statute are to be liberally construed in favor of the employee-reservist. Boyle v. Board of Police Commissioners of City of Portsmouth, 717 F.Supp. 23 (D.N.H. 1989); See also, Coffy v. Republic Steel *115 Corp., 447 U.S. 191, 100 S.Ct. 2100, 65 L.Ed.2d 53 (1980). Given the purpose and judicial construction of the VRRA, this court finds that the statute may apply to a veteran claiming that discrimination based on military status was a motivating factor in his employer's decision not to promote him.

C. The actions of Chief Frey may be attributable to the town.

Under the VRRA, a plaintiff must establish that his employer has discriminated against him based on his status. The Defendant argues that Hansen has not offered any evidence that the town has discriminated against him, but instead has attempted to show that Chief Frey, who is not plaintiff's employer, engaged in discriminatory conduct. According to the defendant, plaintiff has thus failed to establish a prima facie case against the town, and as a result, summary judgment for the defendant is warranted.
It is clear that Chief Frey played an important and central role in the decision not to promote Hansen. Because of his substantial role, Frey may be considered an agent of the town for purposes of analyzing the town's decision. An individual may be considered an "agent" of an employer where that person "participate[s] in the decision-making process that forms the basis of the discrimination." Hamilton v. Rodgers, 791 F.2d 439, 443 (5th Cir.1986), quoting Jones v. Metropolitan Denver Sewage Disposal District, 537 F.Supp. 966, 970 (D.Colo.1982). Although the Second Circuit has not definitively addressed the issue, courts in this Circuit have held that a supervisory employee can be deemed an "agent" of an employer if the supervisor asserts some measure of control over the conditions of employment. See Bridges v. Eastman Kodak Company, 800 F.Supp. 1172, 1180 (S.D.N.Y.1992); Bostick v. Rappleyea, 629 F.Supp. 1328, 1334 (N.D.N.Y.1985), aff'd w/o opinion 907 F.2d 144 (2d Cir.1990). Because Frey acted as an agent for the town in this matter, his actions may be attributable to the town. Cf. Haehl v. Village of Port Chester, 463 F.Supp. 845, 848 (S.D.N.Y.1978) (finding that with respect to New York tort law, a municipality is "equally answerable with individuals and private corporations for wrongs of officers and employees." (quoting Bernardine v. City of New York, 294 N.Y. 361, 62 N.E.2d 604 (1945))).

D. New York's "Rule of Three" law does not exempt a defendant from impressible discrimination

The town claims that under § 61 of the New York Civil Service Law, it has the absolute discretion to promote any one of the top three candidates that appear on the civil service list. N.Y.Civ.Serv. Law § 61 (McKinney 1983). While the town does have substantial discretion in choosing from the top three candidates, it may not exercise that discretion in a manner which is irrational, arbitrary, or capricious. Aladin v. Schultz, 176 A.D.2d 205, 206, 574 N.Y.S.2d 326 (N.Y.A.D. 1st dept. 1991), Dramis v. Nassau County Community College, 173 A.D.2d 705, 570 N.Y.S.2d 597 (N.Y.A.D. 2d dept. 1991). Thus, § 61 will not protect an employer who has otherwise made employment decisions based on discriminatory factors. See, Jackson v. Poston, 40 A.D.2d 19, 21, 337 N.Y.S.2d 108 (N.Y.A.D. 3rd dept. 1972) (finding that under § 61, the Civil Service Commission was not authorized to discriminate in ranking candidates for promotion).

II. Genuine issues of material fact exist so as to preclude summary judgment.

The Second Circuit has held that a material issue of fact exists where there is a conflict between the plaintiff's evidence of a prima facie case of employment discrimination and the defendant's evidence of a nondiscriminatory reason for making the employment decision. Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203 (2d Cir.1995). Here, there is a conflict between the plaintiff's evidence that Chief Frey made the decision not to promote Hansen because of his reserve status, and the town's evidence that Hansen was not the best qualified candidate for the position. Because such a conflict exists, summary judgment is inappropriate.

CONCLUSION
Based on the foregoing, the defendant's motion for summary judgment is denied.
*116 ALL OF THE ABOVE IS SO ORDERED.
NOTES
[1] At the time this action was brought, the Veteran's Reemployment Rights Act was codified at 38 U.S.C. §§ 2021-2027. Since that time, a new act, The Uniformed Services Employment and Reemployment Rights Act has replaced the VRRA, and is codified at 38 U.S.C. §§ 4301-4333. The section at issue in this action, 38 U.S.C. § 2021(b)(3), was transferred without change to § 4301(b)(3) of the new act. For purposes of this discussion, reference will be made to the former numbering.
[2] Cases decided prior to the enactment of the VRRA are often useful in determining the scope of the Act. The VRRA is substantially a reenactment of legislation that has been in effect since 1940. The reemployment provisions of the Act and its predecessors are "substantially identical" and judicial precedents developed under the various acts are "largely interchangeable." Hanna v. American Motors Corp., 724 F.2d 1300, 1306 n. 4 (7th Circ.1984).
[3] It should be noted that the "motivated solely by reserve status" standard stated in Monroe has been rejected in favor of the "motivating factor" test as set forth in § 4311(b) of the Uniformed Services Employment and Reemployment Rights act of 1994. Under this test, the plaintiff need only show that discrimination was a motivating factor in making an employment decision. This section became applicable to all causes of action, regardless of when they were brought, on October 13, 1994.