MISSOURI PACIFIC RAILROAD COM-
PANY, Appellant,

v.

Robert C. BROOKS, Appellee.

No. 17019.

United States Court of Appeals
Eighth Circuit.

Oct. 11, 1962.

Robert V. Light, Little Rock, Ark., made argument for the appellant and Pat Mehaffy, Little Rock, Ark., was with him on the brief.

John G. Laughlin, Atty., Dept. of Justice, Washington, D. C., made argument for the appellee and Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Civil Division, Dept. of Justice, Washington, D. C., Robert D. Smith, Jr., U. S. Atty., Little Rock, Ark., and John G. Laughlin and Edward A. Groobert, Attys., Dept. of Justice, Washington, D. C., were with him on the brief.

Before VOGEL and VAN OOSTER-HOUT, Circuit Judges, and VAN PELT, District Judge.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff Brooks, a veteran, brought this action under the Universal Military Training and Service Act of June 24, 1948, 50 U.S.C.A.Appendix, § 459, to establish retroactive seniority rights as a machinist at defendant's North Little Rock shops. The trial court upheld plaintiff's contention and granted him retroactive seniority. This timely appeal by defendant followed.

Brooks entered into defendant's employment as an apprentice machinist at its Monroe, Louisiana, shops on July 5, 1951, continuing in such capacity until his induction into military service on January 24, 1952. He was honorably discharged on November 7, 1953, and upon his application he was restored to duty as an apprentice machinist at Monroe on November 23, 1953. On April 29, 1954, Brooks was laid off due to a reduction in work force. On July 6, 1954, he resumed his apprenticeship at defendant's shops at St. Louis, Missouri, where he remained until July 25, 1955, when upon his request he was granted a transfer to defendant's North Little Rock shops. Plaintiff completed the required 1040 days of apprenticeship at the North Little Rock shops on January 23, 1958, and was immediately thereafter employed as a journeyman machinists and was as-

signed his seniority as such at North Little Rock on January 23, 1958.

Plaintiff was offered a retroactive seniority date of November 3, 1955, at Monroe upon the basis of defendant's interpretation of a 1945 memorandum of understanding between defendant and the union.[1]

Under the basic contract between the defendant and the union, an employee, subject to certain exceptions not here applicable, obtained seniority only at the point of his employment. Plaintiff rejected the offer of seniority at Monroe as there was no employment opportunity available there because of work changes brought about by the transition from steam to diesel locomotives.

The parties stipulated that *if* Brooks is entitled to retroactive seniority as a journeyman machinist at North Little Rock, the date would be November 3, 1955. Defendant made clear that the emphasis is on the word *"if"* and that it was denying Brooks had any right to retroactive seniority at North Little Rock. The applicable 1949 contract between the defendant and the union, of which plaintiff was a member, required an apprentice mechanic to serve in such capacity for 1040 days and in addition to satisfactorily complete a correspondence course furnished by the defendant. Such course consisted of two lessons per month. An examination was required as to each lesson. The passing grade was 75%.

Plaintiff concedes that actual service of 1040 days as an apprentice is a prerequisite to his attaining journeyman status. His contention is that since he actually served such apprenticeship period and had attained journeyman status, his seniority date should be made retroactive to the date he would have completed his apprenticeship but for his military service.

Thus, the basic issue here presented is the same as the issue we considered in Tilton v. Missouri Pacific R. R. Co., 8 Cir., 306 F.2d 870, namely, whether in situations where an apprentice period is required for the development of proficiency and is required to be actually served, a claimant whose apprenticeship is interrupted by military service is entitled upon the completion of the service of his apprenticeship after his return from military service to have his seniority date as a journeyman accelerated to an earlier date.

Tilton sets out the pertinent provisions of the Act and analyzes the cases treating the problem here under consideration. No purpose would be served in attempting to retread the ground so well covered by Judge Blackmun in that case. We adhere to the view of the law there stated. The apprentice carman involved in Tilton and the apprentice machinist here involved are covered by the same general contract between the same railroad and the same union. The apprentice rules relating to carmen and machinists differ in no material respect. The application of the law as stated in Tilton to the issues and facts here presented compel a reversal. In fairness to the able trial court, it should be observed that Tilton was decided subsequent to the trial court's decision in this case.

In Tilton we concluded that retroactive seniority could be granted only when the claimant would be promoted automatically or by reason of mere passage of time. We held "if the claimant's promotion is not certain (as is the case where comparative ability, physical condition, age, employer's discretion, and

---

1. Plaintiff in his original complaint had asserted rights upon the basis of a 1945 memorandum of understanding between defendant and the union. After defendant had filed a motion to dismiss upon the ground that the court had no jurisdiction to grant relief beyond that founded upon the statute, Brooks, by amendment specifically stating his intention so to do, withdrew the assertion of his complaint based upon the 1945 memorandum. The trial court held such issue was withdrawn and plaintiff has taken no appeal from such holding, nor has he asserted error with respect thereto in his brief.

the like, are factors) but is only probable—even highly probable—retroactive seniority is withheld."

In support of this principle, we relied upon and quoted from McKinney v. Missouri-Kansas-Texas R. R. Co., 357 U.S. 265, 78 S.Ct. 1222, 2 L.Ed.2d 1305, and Sularz v. Minneapolis, St. Paul & Sault Ste. Marie R. R. Co., 8 Cir., 259 F.2d 122, as well as other cited cases.

Full consideration was given to Diehl v. Lehigh Valley R. R. Co., 348 U.S. 960, 75 S.Ct. 521, 99 L.Ed. 749, and Oakley v. Louisville & Nashville R. R. Co., 338 U.S. 278, 70 S.Ct. 119, 94 L.Ed. 87 relied upon here by plaintiff. In Tilton, the reasons why advancement was not automatic are set forth in the opinion. Such reasoning is persuasive here.

The trial court in effect found that progression from apprentice to journeyman mechanic is not automatic, stating:

"In contending that plaintiff had no retroactive seniority rights under the Act and apart from the 1945 memorandum, the railroad's contention is simply that apprentices in the railroad industry are not entitled to such seniority because they have no automatic right to be employed as journeyman mechanics upon the completion of their training, and that the selection of particular journeymen out of a group of graduate apprentices involves the exercise of managerial judgment and discretion and may also involve additional factors other than the fact that given apprentices may have completed apprentice training.

"It may be conceded that in many instances the transition of an apprentice from his apprenticeship to employment as a journeyman craftsman depends on more than lapse of time and the completion of a course of instruction so that it cannot be said that had the apprentice in question not been called into military service he would automatically have acquired journeyman status at a time earlier than that at which he

actually completed his training and was in fact employed as a journeyman. And it is clear that in such cases the Act does not require the employer to accord retroactive seniority, even though it may have been 'highly probable' that the status in question would have been acquired at a time earlier than it was."

The trial court, upon the basis of substantial evidence that there was a shortage of journeymen mechanics at North Little Rock in 1955 and that apprentice mechanics upon completing their apprenticeship were generally immediately employed as journeymen, states:

"While it is true that Rule 51 of the 1949 agreement appears to give the railroad some theoretical discretion in the employment of mechanics from the ranks of graduating apprentices, the evidence shows that in practice such discretion had no play, and that transition from the rank of apprentice to the rank of mechanic was automatic."

While we accept the trial court's finding as to the shortage of mechanics in North Little Rock in 1955, and the resulting consequence that by reason thereof graduate apprentices were readily employed, we find no support in such finding for a conclusion that the apprentice's right to advancement is automatic. The balance between supply and demand of a particular category of workmen at a designated point at a future date cannot be foreseen or predicted with any degree of certainty. This is illustrated by the fact that there was a surplus of mechanics in November of 1955 at the Monroe shops. In our view, the fact that the railroad may have exercised its discretion liberally in instances where labor shortages existed does not foreclose its right to exercise its discretionary powers provided by the contract in the employment of journeymen.

Plaintiff in his brief correctly states, "an apprentice begins to earn seniority as a journeyman only after he completes his training and begins work as a journeyman." There is no contract rule

which compels defendant to employ any particular graduate apprentice as a journeyman upon the completion of his apprenticeship.

In Tilton, in answer to an argument similar to that here made, we stated:

"Their argument, as already indicated, is that, despite the uncertainties which concededly existed at the time of their entry into military service, their return to work and their completion of the work period dispelled those uncertainties and rendered them unfounded in fact. Therefore, it is said, since the work period has been completed and they have elected carman's seniority, it follows that, but for the military service, the plaintiffs would necessarily have achieved the higher status just ahead of their next junior upgraded helpers. Unfortunately, from the plaintiffs' viewpoint, there appears to be little or no effective supporting authority among the numerous cases interpreting the Act."

Upon the basis of the standard set for determining the right to retroactive seniority in the Tilton and McKinney cases, we find no substantial evidence to support a finding that plaintiff's progression from apprentice machinist to machinist is automatic. Hence, the court erred in according plaintiff retroactive seniority as a journeyman machinist at its North Little Rock shops.

Defendant, relying upon Horton v. United States Steel Corp., 5 Cir., 286 F. 2d 710, as an additional basis for reversal, states that the automatic standard applies to transfers such as Brooks' transfer upon his request from the St. Louis shops to the North Little Rock shops. Since we have already determined that Brooks' right to promotion was not automatic, we deem it unnecessary to pass upon such contention.

The judgment appealed from is reversed and remanded with directions to dismiss the complaint.