BROOKS *v.* MISSOURI PACIFIC RAILROAD CO.

No. 53. Argued January 7–8, 1964.—Decided February 17, 1964.

*Philip B. Heymann* argued the cause for petitioner. On the brief were *Solicitor General Cox, Assistant Attorney General Douglas, Alan S. Rosenthal* and *Richard S. Salzman.*

*Robert V. Light* argued the cause for respondent. With him on the brief were *Herschel H. Friday* and *W. J. Smith.*

*Clarence M. Mulholland, Edward J. Hickey, Jr.* and *Richard R. Lyman* filed a brief for the Railway Employes' Department, AFL–CIO, as *amicus curiae,* urging affirmance.

Mr. Justice Goldberg delivered the opinion of the Court.

This case differs only slightly from *Tilton* v. *Missouri Pac. R. Co.* decided today. *Ante*, at 169. Petitioner here was hired by the railroad on July 5, 1951, to serve as an apprentice machinist in Monroe, Louisiana. After completing seven months of apprenticeship, he was drafted into military service. He was honorably discharged on November 7, 1953, and immediately returned to work as an apprentice in Monroe. On April 29, 1954, petitioner was laid off because of the termination of the apprenticeship program at Monroe. On July 6, 1954, he resumed his apprenticeship with the railroad in St. Louis, Missouri. On July 25, 1955, at his request and with the railroad's approval, petitioner was transferred to the railroad's shops in North Little Rock, Arkansas, where he completed his apprenticeship on January 23, 1958. He was immediately employed at the North Little Rock shops as a journeyman machinist and assigned a seniority rating as of that date and location.

Petitioner sought a North Little Rock seniority date of November 3, 1955. He claimed that but for his military service, he would have completed his apprenticeship on that date and at that location. The railroad offered him that seniority date, but only at the Monroe location. Petitioner declined this offer on the ground that there were no employment opportunities at that location.

Petitioner brought suit in the District Court for the Eastern District of Arkansas. The court found,* on the basis of adequate evidence, that "in practice . . . discretion had no play . . . . [T]ransition from the rank of apprentice to the rank of mechanic was automatic." It also found that "in no event would plaintiff have com-

---

*The opinion of the District Court is not reported.

pleted his apprenticeship at Monroe." But for his military service he "would have completed [his training] in 1955 . . . and . . . as of that time he was employed in the North Little Rock shops and would have been hired there automatically as a journeyman mechanic. Had he been so employed at that time, his seniority point would have been fixed at North Little Rock under the actual practice of the railroad and the Union in connection with the initial employment of mechanics." Accordingly, the District Court directed the railroad to grant him seniority as of November 3, 1955, at North Little Rock.

The Court of Appeals for the Eighth Circuit reversed, 308 F. 2d 531, on the basis of its earlier decision in *Tilton v. Missouri Pac. R. Co.,* 306 F. 2d 870. The court held that the advancement from apprentice to journeyman lacked the predictable certainty required by the *Tilton* decision, because "[t]he balance between supply and demand of a particular category of workmen at a designated point at a future date cannot be foreseen or predicted with any degree of certainty." 308 F. 2d, at 533. We granted certiorari, 372 U. S. 904.

We reverse the judgment of the Court of Appeals for the reasons stated in *Tilton, ante,* at 169. As we said in that case:

"In every veteran seniority case the possibility exists that work of the particular type might not have been available; that the veteran would not have worked satisfactorily during the period of his absence; that he might not have elected to accept the higher position; or that sickness might have prevented him from continuing his employment. In light of the purpose and history of this statute, however, we cannot assume that Congress intended possibilities of this sort to defeat the veteran's seniority rights." *Ante,* at 180–181.

We think that the foregoing analysis is dispositive of the problem here. The possibility that the "balance between supply and demand" would have prevented petitioner's otherwise automatic promotion should not defeat his seniority claim. This possibility, like the possibilities discussed in *Tilton,* always exists.

We accept the conclusion of the District Court that but for petitioner's military service, he probably would have achieved, by virtue of continued satisfactory employment, seniority status as a journeyman mechanic in North Little Rock on November 3, 1955. It follows, therefore, that he is entitled to this status under the relevant statutes. The judgment of the Court of Appeals is reversed and the cause remanded for proceedings in conformity with this opinion.

*Reversed and remanded.*