James W. WITTY, Plaintiff-Appellant,

v.

LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Defendant-Appellee,

and

System Federation No. 91 of the Railway Employes' Department, AFL–CIO, Intervening Defendant-Appellee.

No. 14662.

United States Court of Appeals Seventh Circuit.

March 2, 1965.

Alan S. Rosenthal, Richard S. Salzman, Attys., Dept. of Justice, Washington, D. C., Richard P. Stein, U. S. Atty., Indianapolis, Ind., John W. Douglas, Asst. Atty. Gen., for appellant.

William T. Fitzgerald, Evansville, Ind., H. G. Breetz, M. D. Jones, Louisville, Ky., for defendant-appellee.

Richard R. Lyman, Toledo, Ohio, for intervening defendant-appellee, Mulholland, Hickey & Lyman, Toledo, Ohio, McCray, Clark, Statham & McCray, William E. Statham, Herman L. McCray, Evansville, Ind., of counsel.

Before CASTLE, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff Witty, a reemployed veteran, sued under Sec. 9 of the Universal Military Training and Service Act,[1] claiming restoration of job seniority rights. After allowing System Federation No. 91 of the Railway Employes' Department, AFL-CIO, bargaining representative for Witty's Union—Brotherhood of Railroad Carmen—to intervene as a defendant, the court granted summary judgment against Witty, and he has appealed. We reverse.

Witty was a "carman helper" at the Railroad's Howell, Indiana shops when he was inducted into the armed forces on September 1, 1950. In his absence, because of a shortage of carmen mechanics, the Railroad and Witty's Union made an agreement under which carmen helpers could be upgraded temporarily to carmen mechanics. In April, 1951, nine helpers were upgraded to mechanic. One of them, Mitchell, had been junior to Witty in the helper grade. When Witty returned from military service, he accepted the higher grade employment as mechanic and was advanced to that status provisionally on April 14, 1952.

After satisfactory performance as a mechanic for a period of 1,040 days, a requirement of the upgrading contract, a temporarily upgraded carman had the right to the carman mechanic grade with seniority rights from the end of that period. If he exercised the right he lost his seniority as carman helper; if not, he could relinquish the mechanic status and revert to the helper grade with full seniority in that grade. In the latter event he could not be upgraded temporarily again.

Witty and the other upgraded employees completed the required 1,040 days as mechanics, the others meeting that requirement before Witty did. He was given seniority as a mechanic from the date he completed the 1,040 days work and accordingly was made junior to Mitchell. Witty's demand to be restored to seniority over Mitchell by virtue of Sec. 9 was denied by the Railroad. This suit, brought by the United States Attorney in Witty's behalf,[2] followed.

An affidavit submitted by the Railroad in support of its summary judgment motion tends to show that the advancement from carman helper to mechanic was "discretionary." An opposing affidavit for Witty tends to show that the advancement was "automatic." Presumably the district court decided the affidavits did not present a genuine issue of material fact, under F.R.Civ.P. 56(c). In support of its conclusion the district court cited only the decision of the Court of

---

1. 62 Stat. 604, 50 U.S.C.App. 451, 459.

2. 50 U.S.C.App. § 459(d).

Appeals for the Eighth Circuit in Tilton v. Missouri Pac. R., 306 F.2d 870 (1962). The Eighth Circuit in Tilton relied upon McKinney v. Missouri-Kan.-Tex. R., 357 U.S. 265, 78 S.Ct. 1222, 2 L.Ed.2d 1305 (1958), in holding that a returning veteran was not entitled to advanced seniority where he could not show with certainty that had he remained on the job he would have accepted the opportunity for advancement and completed the training period in the shortest possible time. The Supreme Court rejected this "absolute foreseeability" interpretation of McKinney, and reversed the court of appeals judgment. Tilton v. Missouri Pac. R., 376 U.S. 169, 84 S.Ct. 595, 11 L.Ed.2d 590 (1964).

The Railroad urges affirmance of the summary judgment under the rule announced in McKinney v. Missouri-Kan.-Tex. R., 357 U.S. 265, 78 S.Ct. 1222, because of the "discretion" reserved to the Railroad and Witty's Union in the agreement for temporary upgrading of the carmen helpers. The Supreme Court in Tilton, 376 U.S. at 180, 84 S.Ct. at 602, reads McKinney as holding that "where advancement depends on an employer's discretionary choice not exercised prior to entry into service, a returning veteran cannot show within the reasonable certainty required by the Act that he would have enjoyed advancement simply by virtue of continuing employment during the time he was in military service."

The facts in McKinney are different from those in the case before us. There the provision of the bargaining agreement governing McKinney's right of advancement was expressly dependent upon "fitness and ability" and the "exercise of a discriminating managerial choice." 357 U.S. at 272, 78 S.Ct. at 1227. The complaint was dismissed for failure to state a cause of action, and the court of appeals and the Supreme Court affirmed.

After announcing its holding, however, the Supreme Court, because McKinney claimed that the promotion he sought was not actually discretionary, remanded to give him an opportunity to make proof of that allegation. We think the McKinney case does not require us to affirm the summary judgment in favor of the railroad. On the contrary, it supports Witty's claim that he should be permitted to prove his allegations. The Supreme Court in Tilton adverted to the remandment in McKinney as an indication that the seniority right claimed did not require "absolute foreseeability of automatic advancement." 376 U.S. at 180, 84 S.Ct. at 602.

The Supreme Court in both McKinney and Tilton referred to the "escalator principle" announced in Fishgold v. Sullivan Drydock and Repair Corp., 328 U.S. 275, 284–285, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230 (1946), entitling a reemployed veteran to step back on the "seniority escalator" at the "precise point he would have occupied had he kept his position continuously during the war." This principle was incorporated into the Act as Sec. 9(c) (2) [3] and is the basic reason for the Supreme Court's decision in Tilton that had the plaintiffs there remained continuously on the job they would have qualified as journeymen in advance of those who passed them in seniority. 376 U.S. at 177, 84 S.Ct. 595. "But for their absence," the Court said, they would have achieved the seniority they claimed in the suit. The same principle was applied in Brooks v. Missouri Pac. R., 376 U.S. 182, 185, 84 S.Ct. 578, 580, 11 L.Ed.2d 599 (1964), filed contemporaneously with Tilton, that "but for petitioner's military service, he [Brooks] probably would have achieved, by virtue of continued satisfactory employment, seniority status * * *" claimed by him. The principle governs

---

3. 50 U.S.C.App. § 459(c) (2). It is declared to be the sense of the Congress that any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment.

whether the advancement is before induction into military service as in Tilton, or after induction as in Witty's case. The question in either event is whether the advancement would have occurred but for the induction.

■ We think that Witty's affidavits, if taken as true, establish that in practice promotions from helper to mechanic were not discretionary but were virtually automatic, despite the language of the agreement. Applying Sec. 9(c) (2) of the Act and the rules in McKinney and Tilton to Witty's suit, the affidavits raise a genuine issue of material fact whether "but for his absence in military service" Witty would have attained the seniority status he now claims. Tilton v. Missouri Pac. R., 376 U.S. 169, 181, 84 S.Ct. 595 (1964); Brooks v. Missouri Pac. R., 376 U.S. 182, 84 S.Ct. 578 (1964); Diehl v. Lehigh Valley R., 348 U.S. 960, 75 S.Ct. 521, 99 L.Ed. 749 (1955), rev'g per curiam 211 F.2d 95 (3d Cir. 1954). Witty asks us to remand for a determination of the issue.

The terms themselves of the upgrading agreement do not determine whether in practice the advancement of the helpers was discretionary. On remand the district court must decide upon what is submitted by Witty and the Railroad what the practice was. The Railroad's argument that the maner of exercising discretion is immaterial begs the question to be decided.

■ The district court decided laches did not bar Witty's suit. It found that Witty since his reemployment has persistently claimed seniority over Mitchell; that from 1952 to 1960 his demand has been subject of correspondence between the Department of Labor and the Railroad; that late in 1960 his case was referred by the Labor Department to the Department of Justice which delayed filing his suit in anticipation of decisions it thought would induce the Railroad to grant the claim voluntarily; that the suit was begun within the applicable fifteen year limitation period in Indiana; and that the facts are insufficient to establish an equitable estoppel. We see no error in the conclusion on this undisputed history of the dispute. Crittenden v. Lines, 327 F.2d 537, 543 (9th Cir. 1964); Boris v. Hamilton Mfg. Co., 253 F.2d 526, 528–529 (7th Cir. 1958). The district court made no mention of the facts stated here in the Railroad's brief bearing on its claim of prejudice from changing circumstances during the delay. We have considered the arguments in the briefs of both parties on this point and are not persuaded that the likelihood of prejudice equitably precludes Witty's suit.

For the reasons given, the judgment is reversed. We remand for trial of the issue.