Richard T. POWER, Plaintiff-Appellee,

v.

NORTHERN ILLINOIS GAS COMPANY,
Defendant-Appellant.

No. 16290.

United States Court of Appeals
Seventh Circuit.

Jan. 2, 1968.

Richard L. Marcus, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant-appellant.

Edward V. Hanrahan, U. S. Atty., Jack B. Schmetterer, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before HASTINGS, Chief Judge, and KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff Power, represented by the United States District Attorney by virtue of Section 459(d) of the Universal Military Training and Service Act, 50 App. U.S.C., sued defendant Northern Illinois Gas Company (Northern) to recover wages allegedly due because of denial of seniority benefits to which Power was entitled as a veteran returning to employment from military service. A trial was held, without a jury, and a judgment for $2,820.28 in favor of Power was entered. Northern has appealed. We affirm.

Northern originally employed Power as a meter repairman's helper in November, 1956, in its Oak Park meter shop. In July, 1957, he was upgraded to meter shop helper and transferred to Northern's LaGrange shop. Northern granted him a leave of absence to enlist in the Air Force January 2, 1958.

Power was honorably discharged May 15, 1962, and returned to employment June 4, 1962. On his return he requested promotion to meter repairman, but Northern denied the request. Although he was employed as a meter repairman for one day, he was then returned to his pre-service status as meter shop helper. On March 30, 1964, he was promoted to meter repairman and after completing a three month probationary period was granted seniority in that grade over twenty men who had become meter repairmen during his absence in the service.

The suit before us was filed in July, 1964, to recover the difference between Power's salary as meter shop helper, and the higher salary of a meter repairman, for the period from June 4, 1962, the date of his return from the service, to March 30, 1964, the date of his promotion to meter repairman. Power's complaint and Northern's answer raise the issue whether on his reemployment Power was entitled to employment as a meter repairman under 50 App. U.S.C. Sec. 459(c) (1) and (2), on June 4, 1962.

The district court decided that Power was, immediately upon his return from the service, entitled to reemployment as a meter repairman with seniority over the twenty men who had achieved that classification during his absence. Northern contends that the district court was compelled under the holding in McKinney v. MKT Ry. Co., 357 U.S. 265, 78 S.Ct. 1222, 2 L.Ed.2d 1305 (1958), to determine that promotion to meter repairman was a matter of managerial discretion because of the provisions of the collective bargaining agreement between Power's union [1] and Northern.[2] Northern argues that under the McKinney holding the district court judgment must be reversed, since the Act does not require an employer to give returning servicemen promotions which they would not have automatically received solely on the basis of seniority if they had continued their civilian employment.

We are not persuaded by the argument. We believe the Supreme Court's decision in McKinney and this court's decision in Witty v. Louisville and Nashville Railroad Company, 342 F.2d 614 (7th Cir. 1965), require affirmance of the judgment before us. The Court in McKinney held that where advancement depends on an employer's discretion not exercised before the employee enters military service, a returning veteran cannot show with the reasonable certainty, required by the Universal Military Training and Service

1. International Brotherhood of Electrical Workers, AFL-CIO.

2. The bargaining agreement in existence at the time provided:
   In cases of promotion to higher job classifications within the bargaining unit, the factors to be considered shall be ability and senority. Where the ability of the employees under consideration is substantially equal, the employee highest in the seniority list will be the one promoted. In case of promotion, if the employee who is highest on the seniority list is not selected, he shall be informed by the Company of the reason why he was not promoted. The union will be furnished the names of employees not promoted in accordance with seniority.

Act, that he could have enjoyed advancement simply by virtue of continuing employment during the time he was in military service. Tilton v. Mo. Pac. R. Co., 376 U.S. 169, 180, 84 S.Ct. 595, 11 L.Ed. 2d 590 (1964). It is true that the Court in *McKinney* affirmed the dismissal of a complaint under the Universal Military Training and Service Act because the bargaining agreement there plainly lodged promotion in the discretion of the employer. The complaint in *McKinney*, however, failed to allege that although the bargaining agreement permitted the employer to exercise discretion, in practice promotion followed automatically from senior status. If this vital allegation had been made in *McKinney* it is clear that the result in that case would have been different, since the plaintiff argued on appeal that promotion was in actuality automatic despite the language of the bargaining agreement and as a result the Supreme Court remanded the case directing the district court to allow the plaintiff to amend his complaint to make the vital allegation. In the *Witty* case this court reversed a district court decision granting summary judgment to an employer because the bargaining agreement gave the employer discretion in promotion since the plaintiff had submitted affidavits to the effect that despite the language of the agreement promotions were made automatically in practice.

In the case before us there is uncontroverted evidence that Power was employed as meter repairman's helper November 30, 1956, that in July, 1957, he advanced to meter shop helper, and that his performance from December 30, 1956, through February, 1957, was satisfactory. There is no evidence that thereafter his service had not continued satisfactorily before he left employment for military service January 2, 1958. And it is stipulated that on several occasions in 1957 he performed "upgraded work" normally performed by meter repairmen. The record shows that the twenty men who were promoted to meter repairmen during Power's absence advanced "in or-

der of seniority." Nothing in the record indicates that these men had greater ability than Power, nor that any tests were given them that Power could not have successfully met. We conclude that despite the wording of the bargaining agreement the finding that "in actual practice" promotion was virtually automatic and was not the result of Northern's discretion is not clearly erroneous.

■ The purpose of the Act is to protect the veteran, not to penalize him. Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 284, 66 S.Ct. 1105, 90 L.Ed. 1230 (1945). He is to have not only the same seniority he had when he left, but his military service is to be counted as service in the plant so that he does not lose ground. Id. The Supreme Court in *Fishgold* put it metaphorically: The veteran steps back on the "seniority escalator," not at the point where he stepped off, but at the "precise point" where he would have been had he kept his position continuously during his military service.

■ The Supreme Court in *Fishgold* was construing the original provisions of the Act. This principle was reaffirmed in subsequent decisions of the Court in Trailmobile Co., v. Whirls, 331 U.S. 40, 67 S.Ct. 982, 91 L.Ed. 1328 (1947), and Oakley v. Louisville & Nashville R. Co., 338 U.S. 278, 70 S.Ct. 119, 94 L.Ed. 87 (1949). See Tilton v. Mo. Pac. R. Co., 376 U.S. 169, 175, 84 S.Ct. 595, 11 L.Ed.2d 590 (1964). And thereafter Congress in 1948 approved the "seniority escalator" principle by adopting Section 9(c) (2) of the Act as it now stands which provides "It is declared to be the sense of the Congress" that a returning veteran "should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously" during the period of his military service. The section is to be liberally construed to benefit those who "left private life to serve their country." *Tilton*, p. 181, 84 S.Ct. p. 602. It is against this background that we conclude that the district court's

decision on the main issue before us is right.

Northern argues that the district court erred in admitting evidence of the actualities of the promotions during Power's absence, since there was no allegation that in actual practice the bargaining agreement was not literally applied. We think it would offend our liberal pleading rule to accept this argument, and no purpose would be served in remanding to give Power the opportunity to amend his complaint in the district court. We have no doubt that had the *McKinney* case contained evidence of actual practice, the remandment order given in that case would have been deemed unnecessary.

Finally we see no merit in the contention that the district court erred in excluding evidence for Northern of its general promotion policy and its practices in other departments. It is within the trial court's discretion to exclude evidence which goes too far afield. In any event, there could be no prejudice because that testimony was substantially before the trial judge when the objection and ruling were made.

The judgment is affirmed.