Thomas J. BURKE
v.
BOSTON EDISON COMPANY.

Civ. A. No. 65–741.

United States District Court
D. Massachusetts.

Jan. 30, 1968.

---

Paul F. Markham, U. S. Atty., Stanislaw R. J. Suchecki, Asst. U. S. Atty., Albert H. Ross, Dept. of Labor, for plaintiff.

John J. Desmond III, Boston, Mass., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WYZANSKI, Chief Judge.

This suit was brought by a veteran, presently an employee of defendant, to recover the difference between wages to which the veteran claims he was entitled upon his return from military service and wages paid to the veteran. The difference involved has been stipulated.

## FINDINGS OF FACT

1. Plaintiff is a citizen of Massachusetts; defendant is a Massachusetts corporation, maintaining a place of business here.

2. Defendant company is divided into three divisions for drafting operations purposes: the Design Drafting Division; the Record Division; and the Survey and Layout Division. A new man begins in the Record Division or Survey and Layout Division, at the very lowest step. The three divisions have the same paygrades starting with Paygrade 5. The rating Draftsman I or Paygrade 3 does not exist in the Design Drafting Division, but exists in the other two divisions. Promotions are normally made within the division although provision is made for "lateral" transfers to the Design Drafting Division, or to any other division. The Design Drafting Division differs from the other divisions in that the Draftsmen in that division work more closely with the engineers than in the other divisions.

3. Discussions among the various supervisors regularly occurred whenever a vacancy was to be filled by promotion. The supervisors then discussed whether the senior man on the roster was fit and able for promotion.

4. Defendant employed plaintiff August 7, 1961 as a Draftsman, Paygrade 3, in the Record Division of the Engineering and Construction Department of the defendant. Defendant promoted him to Draftsman, Paygrade 5, September 5, 1961. His employment was in a position "other than temporary."

5. January 16, 1963, plaintiff left the employ of defendant to enter military service.

6. July 16, 1963 plaintiff was honorably released from active military service.

7. Defendant re-employed plaintiff July 30, 1963 as a Draftsman, Paygrade 5, in the Record Division.

8. February 24, 1963, while plaintiff was in military service, defendant filled two vacancies in the rating Draftsman, Paygrade 8, by promoting McDonald and Pruskin. When plaintiff entered military service, those men were his juniors in seniority of roster position as determined by the seniority provisions of the then governing collective bargaining agreement.

9. The relevant provisions of the several collective bargaining agreements at all material times have been identical and provide as follows:

"9. When a vacancy is to be filled in a job title and grade represented by the Union, the employee senior in the next lower rating on the applicable roster shall be entitled to the promotion if qualified by fitness and ability to fill the vacancy."

"10. * * * in making promotions or demotions * * * the Company shall determine the fitness and ability of all applicants for the new or different positions and its decisions shall be final except * * * " (when made in an unjust, unreasonable, capricious, or arbitrary manner.) Part Five, Article XVII)

10. At the time of trial there were in the Drafting Section approximately 150 men of whom only 34 were in the five Draftsman grades in the Record Division. In the 16 years prior to the trial, no person had requested a transfer from the Design Drafting Division to the Record Division. In that 16 years, there had been 105 promotions in the Record Division but no employee had been passed over for promotion. Employees had been passed over in the other two divisions.

■ 11. As a matter of ultimate fact, this Court finds that the plaintiff, had he not entered the military service, would have been promoted automatically and would have had the opportunity to have been employed in the Record Division as a Draftsman in Paygrade 8 in preference to McDonald and Pruskin.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction over this controversy. Section 9(d) of the Universal Military Training and Service Act, as amended. 50 App.U.S.C. § 459(d).

2. The veteran's claim, that he was entitled to be re-employed in the position of Draftsman, Paygrade 8, is based on § 459(b) (B) (i) read in conjunction with § 459(c) (2). Relying on those sections, the veteran alleges that Paygrade 8 is the "status" he would have had if he had not left his employment to enter the military service.

■ 3. Status may be the result of a collective bargaining agreement, established employment practices of the employer, or even some unilateral action of the employer. See Accardi v. Pennsylvania R. Company, 383 U.S. 225, 229, 86 S.Ct. 768, 15 L.Ed.2d 717 (1966). Veteran's Re-employment Rights, Note, Georgia Law Review 293, 298 (1967).

■■ 4. The test is whether there would have been a reasonable certainty that promotion *automatically* would have accrued to the employee had he remained continuously in the employ of his employer. McKinney v. Missouri-Kansas-Texas R. R. Co., 357 U.S. 265, 78 S.Ct. 1222, 2 L.Ed.2d 1305 (1958). Tilton v. Missouri Pacific Railroad Company, 376 U.S. 169, 84 S.Ct. 595, 11 L.Ed.2d 590 (1964). The veteran has the benefit of a presumption that he would have remained in the employ of the employer, performing satisfactorily, and would have taken the requisite steps to assure himself the benefits of his status. The determining factor is then whether in the light of employment practices and agreements he would have secured the benefits.

■ 5. Here the employer urges that the veteran did not have an automatic accrual situation because by a collective bargaining agreement the employer had reserved the final determination of the employee's fitness and ability for advancement. The employer's contention is that its discretionary act is a condition precedent to advancement. McKinney v. Missouri-Kansas-Texas R. R. Co., supra, teaches the contrary. There the employer's discretionary selection was a condition prerequisite to promotion. The Supreme Court allowed the veteran to show that despite discretion verbally reserved by the employer, in practice the promotions were automatic. See Tilton v. Missouri Pacific Railroad Company, supra, 376 U.S. at p. 180, 84 S.Ct. 595. Hence, although a collective bargaining

agreement requires that for promotion the employer make a determination that an employee is qualified by fitness and ability, a veteran, as a result of the customary practices of his employer, may nonetheless have acquired a right to promotion. Brooks v. Missouri Pacific Railroad Co., 376 U.S. 182, 84 S.Ct. 578, 11 L.Ed.2d 599 (1964). Power v. Northern Illinois Gas Co. (7th Cir., January 2, 1968), 388 F.2d 427.

Plaintiff-veteran is entitled to recover damages in the stipulated amount with interest.