David J. **BRICKNER**, Plaintiff,

v.

**JOHNSON MOTORS**, a Division of Outboard Marine Corporation, Defendant.

No. 68 C 2011.

United States District Court
N. D. Illinois, E. D.
May 27, 1969.

———◆———

Thomas A. Foran, U. S. Atty., for plaintiff.

Charles R. Sprowl and Michael D. Aufrecht, Taylor, Miller, Magner, Sprowl & Hutchings, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

DECKER, District Judge.

Plaintiff David J. Brickner was hired as a packer by Johnson Motors on September 8, 1965. Except for the period from October 22, 1965 to October 30, 1967, he has been continuously employed by that company. The intervening two years were spent in military service.

The only question presented by the pleadings and the parties' respective motions for summary judgment is whether Brickner occupied a position "other than temporary," as that phrase is used in section 9(b) of the Military Selective Service Act, 50 U.S.C. App. § 459(b). That statute provides:

> "[A]ny such person who, in order to perform such training and service, has left or leaves a position (other than a temporary position) in the employ of any employer * * *—
>
> \* \* \* \* \* \*
>
> "(B) if such position was in the employ of a private employer, such person shall—
>
> (i) if still qualified to perform the duties of such position, be restored by such employer or his successor in interest to such position or to a position of like seniority, status, and pay * * *."

As a packer, Brickner occupied a permanent job classification. But the plaintiff has only been credited with seniority subsequent to October 1967 when he returned from the armed forces. Johnson Motors argues that Brickner's initial employment was only "temporary" because the 1965 collective bargaining agreement declared that "new employees must serve ninety (90) days on probation before establishing a seniority rating."

The purposes served by the probation term, however, are unrelated to the objectives of the statute. Johnson Motors naturally needs a period of time in which to assess a new employee's ability. But preliminary scrutiny of a permanent employee does not convert his job into a "temporary" position.[1] Rather, temporary employment encompasses casual jobs of short duration;[2] in the Congress, Senator Danaher supplied the following examples:

> "Suppose a man is hired to pick corn in Virginia, and the corn-picking job expires within a week, and then he is told there is no more work. Or suppose he is hired to pick apples in Connecticut in September, and after the apples are picked he is told there is no more work." 86 Cong.Rec. 11030.

As the collective bargaining agreement recognized, once the probation was completed, Brickner was entitled to seniority credit from the date originally hired. Since the probation was interrupted by military service, the plaintiff was properly allowed to complete his probation upon returning. In section

---

1. Subsequent collective bargaining agreements indicated that, despite the probation, the defendant itself regarded a packer's job as permanent. The 1966 contract declared that "any employee entering Military Service upon completion of thirty (30) days of employment shall be considered an employee of record."

2. Moe v. Eastern Air Lines, Inc., 246 F.2d 215, 219 (5th Cir. 1957), established the following test to determine whether a position is "other than temporary": "[T]he controlling determination is whether, regardless of the contract of employment, there was a reasonable expectation that the employment would be continuous and for an indefinite time."

9(c) (2) of the Act, Congress explicitly declared that:

"It is * * * the sense of the Congress that any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) [of this section] should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment." 50 U.S.C. App. § 459(c) (2).

See Accardi·v. Pennsylvania R. Co., 383 U.S. 225, 228, 86 S.Ct. 768, 15 L.Ed.2d 717 (1966). The statute thus insulates employees from the loss of seniority, and Johnson Motors should have dated Brickner's seniority from September 8, 1965.

The defendant emphasizes Lesher v. P. R. Mallory & Co., 166 F.2d 983 (7th Cir. 1948), in which a similar probation period was equated with a "temporary" position.[3] See also Venzel v. U. S. Steel Co., 209 F.2d 185 (6th Cir. 1953). Shortly thereafter, though, the Seventh Circuit undercut Lesher in Foor v. Torrington Co., 170 F.2d 487, 489–490 (7th Cir. 1948), declaring that:

" 'Temporary,' we think, means 'lasting for a time only,' or casual, as distinguished from regular. * * * Since employment for an indefinite period was contemplated * * * we think the position was 'other than * * * temporary.' "

Moreover, Tilton v. Missouri Pacific R. R. Co., 376 U.S. 169, 181, 84 S.Ct. 595, 11 L.Ed.2d 590 (1964), held that, if a veteran's training period is interrupted by armed service, section 9(c) of the statute guarantees his seniority during the military absence.[4] See Brooks v. Missouri Pacific R. R. Co., 376 U.S. 182, 84 S.Ct. 578, 11 L.Ed.2d 599 (1964). By direct analogy, section 9(b) protects Brickner's seniority since he successfully completed the probation period after returning. See Moe v. Eastern Air Lines, Inc., 246 F.2d 215 (5th Cir. 1957). Collins v. Weirton Steel Co., 398 F.2d 305, 309–310 (4th Cir. 1968), analyzed the significance of Tilton:

"Collins [Brickner] met the requirements of Tilton. As a matter of foresight it was reasonably certain he would have been retained after his probation. * * * The only possibilities militating against Collins were lack of work, ill health or failure to perform satisfactorily. In Tilton, the Court held these hazards did not destroy reasonable certainty of advancement. They are, as the Court pointed out, inherent in every veteran's employment case. We conclude the same possibilities do not destroy reasonable certainty of continued employment or make a probationer a temporary employee."

Therefore, in September 1965 Brickner's packing job was "other than a temporary position." Under section 9(b), Johnson Motors was obligated to credit the plaintiff with seniority for the two years spent in the armed forces. Accordingly, I have entered an order today granting summary judgment to the plaintiff.

---

3. Unlike Brickner, the plaintiff's employment in Lesher had been sporadic. His employment had been severed on several occasions, so that the job was a "casual, as distinguished from [a] regular" position.

4. "Congress intended a reemployed veteran, who, upon returning from military service, satisfactorily completes his interrupted training, to enjoy the seniority status which he would have acquired by virtue of continued employment but for his absence in military service. * * * [U]pon satisfactorily completing that period, * * * he can insist upon a seniority date reflecting the delay caused by military service." 376 U.S. 181, 84 S.Ct. 602.